THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CURT NEWLUN, Defendant-Appellant.

Third District Nos. 79-379, 79-378 cons.

Opinion filed November 6, 1980.—Rehearing denied November 26, 1980.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Thomas J. Homer, State's Attorney, of Lewistown (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

In these consolidated appeals by the defendant, Curt Newlun, from his convictions for the unlawful delivery of cannabis and the unlawful delivery of a controlled substance (methylenedioxyamphetamine), only one issue is raised. That issue is whether the trial court abused its discretion by failing to ask prospective jurors certain supplemental questions provided by the defense.

Prior to the trial court's questioning of the prospective jurors, counsel

were permitted to submit questions pertaining to jurors' general qualifications. The trial court then determined whether the questions would be asked.

Defense counsel submitted a total of 13 questions. Defense question four was asked of at least two jurors to resolve any question regarding differing burdens of proof in civil and criminal cases. There is no showing on appeal that the trial court improperly instructed the jury. The court wholly excluded questions 7 through 11 and 13, reasoning that the questions would be, or should be, covered in the instructions to the jury at the close of the evidence in the case. Specifically, the defense questions excluded by the court were:

Defendant's Jury Question No. 7

"You understand that the State has the burden of proof, and the defendant need not make any explanation, but rather it is the State who must produce evidence to establish the built [*sic*] of the accused beyond a reasonable doubt?

You understand that the defendant is presumed innocent until proven guilty?"

Defendant's Jury Question No. 8

"You understand that the accused has the right to testify as a witness or not to testify as a witness?

If he does not [*sic*] testify as a witness, would you disregard his testimony merely because he is the interested party in the case?

In other words, would you place the same test of credibility on the testimony of Curt Newlun as any other witness?"

Defendant's Jury Question No. 9

"If Curt Newlun was not called as a witness, would you hold this against him?

If Curt Newlun did not testify, in any way, would you construe this to be any evidence of guilt?"

Defendant's Jury Question No. 10

"Do you understand that all witnesses come into the courtroom on an equal plane, and, as a juror, would you be willing to listen to and hear the testimony of all witnesses and would you judge each witness on his own merits?"

Defendant's Jury Question No. 11

"Do you believe in the rule of law that Curt Newlun is presumed to be innocent until the State has proven him guilty, to your satisfaction, beyond a reasonable doubt?

Would you have any difficulty in applying this rule of law?"

Defendant's Jury Question No. 13

"Would you give Curt Newlun the benefit of your individual opinion and vote for the verdict of not guilty as long as you have a reasonable doubt as to his guilt, even though the other eleven jurors were voting in some other way?"

Defendant's Jury Question No. 4

"Do you understand that there is a difference between a civil and a criminal trial? In a criminal trial, to establish guilt, proof must be established beyond a reasonable doubt."

■■ We recognize that although the scope of voir dire is generally left to the sound discretion of the trial court, that discretion is not unlimited (see *People v. Carpenter* (1958), 13 Ill. 2d 470, 150 N.E.2d 100), and certainly, sufficient, appropriate questions should be asked of the jurors to uncover any otherwise concealed bias or prejudice (see *United States v. Lewin* (7th Cir. 1972), 467 F.2d 1132). The questions submitted by the defense covered matters which would be covered by the judge when the jury would be instructed as to these matters prior to submission to the jury for deliberation and verdict, and there was no need to posit these questions prior to hearing evidence in the trial.

■■ As a further reason for affirmance, in any event, the defendant has waived the consideration of this issue for purposes of appeal by failing to include in the record complete copies of all questions tendered, by both parties, and asked of the jurors. We are unable, consequently, to determine to what extent, if any, questions asked of the prospective jurors covered the same area as the questions tendered by the defendant which were refused by the trial court.

Accordingly, the judgment of the Circuit Court of Fulton County is affirmed.

Affirmed.

STENGEL, J., concurs.

Mr. JUSTICE STOUDER, specially concurring:

I concur in the result reached by the majority but only because, as pointed out by the majority, the other questions asked of the prospective jurors are not included in the record. The fact that the questions or some of them not asked by the judge might relate to matters included in instructions is in my judgment not a sufficient reason for rejecting the questions. If, for example, some prospective juror might hesitate or equivocate as to his belief on the presumption of innocence, it would do no good to instruct the jury after the presentation of evidence has been

concluded. Likewise, although in this case the defendant did testify, it well may be that the decision so to do might not be made until after the prosecution's case has been presented. As a matter of strategy, an inquiry about a juror's attitude might be important before the trial commences rather than relying on instruction during the final stages of the trial. In any event, since we are unable to determine whether these matters were in fact covered by other questions, we are not in a position to determine whether error occurred or whether such error was sufficiently prejudicial to require a new trial.